UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSEPH SIMS

                                Plaintiff,              1:16-CV-00762
                                                     (BKS/TWD)

      v.

CSX TRANSPORTATION INC.,

                                Defendant.
_____

APPEARANCES:                              OF COUNSEL:

JOSEPH SIMS
Plaintiff, pro se
16 Willow Lane
Stillwater, NY 12170

McNAMEE, LOCHNER LAW FIRM           SCOTT A. BARBOUR, ESQ.
Attorneys for Defendant
677 Broadway
Albany, NY 12207-2503

**THÉRÈSE WILEY DANCKS,** United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

      Plaintiff, Joseph Sims, commenced this action pursuant to the Federal Employers'

Liability Act, 45 U.S.C. §§ 51, *et seq.*, the Federal Safety Appliances Act, 49 U.S.C. §§ 20301,

*et seq.*, and the Locomotive Boiler Act, 49 U.S.C. §§ 20701, *et seq.*  (*See generally* Dkt. No. 1.)

For reasons explained below, the Court recommends that the District Court *sua sponte* dismiss

the action without prejudice for failure to prosecute and to comply with orders of the Court

pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule of Practice for the

Northern District of New York 41(b); and failure to provide the Court with a change of address pursuant to N.D.N.Y. L.R. 10.1(c)(2) and L.R. 41(b).

## I. PROCEEDINGS TO DATE

Plaintiff filed his complaint in this action on June 27, 2016. (Dkt. No. 1.) Plaintiff was represented at the time by David Benz, Esq., of Cheney & Blair, LLP. (Dkt. No. 1 at 4.[1]) Defendant filed its answer to the complaint on August 5, 2016. (Dkt. No. 4.) The initial pretrial conference in the case was held by telephone on September 26, 2016, with Attorney Benz appearing for Plaintiff and Attorney Scott Barbour, Esq., for Defendant. (*See* Text Order, entered on the Docket on September 26, 2016.) Attorney Anthony DiGiulio, Esq., who appeared with Attorney Benz on the conference call, was subsequently admitted to practice in the Northern District of New York, *pro hac vice*, and was added as counsel for Plaintiff. (Dkt. No. 13.)

The Uniform Pretrial Scheduling Order set the following deadlines: (1) Mandatory Disclosure due by October 3, 2016; (2) Federal Rules of Civil Procedure 33 and 34 Requests to be served by November 1, 2016; (3) Joinder of Parties by November 21, 2016; (4) Amended Pleadings due by December 21, 2016; (5) Plaintiff's Expert Disclosure due by June 15, 2017; (6) Defendant's Expert Disclosure due by July 18, 2017; (7) Expert Disclosure Rebuttal due by August 2, 2017; (8) Discovery cut-off on September 1, 2017; (9) Discovery Motions due by September 8, 2017; and (10) Dispositive Motions due by October 2, 2017. (Dkt. No. 9.)

On September 9, 2016, the Court issued an order referring the case to mandatory mediation with an October 26, 2016, deadline for mediator selection and a mediation completion

---

[1] Page references to documents identified by docket number are to the numbers assigned by the CM/ECF docketing system maintained by the Clerk's Office.

deadline of January 26, 2017.  (Dkt. No. 10.)  On September 28, 2016, the Court issued a Text Notice to all of the parties informing them that the pretrial deadlines set forth in the Scheduling Order and the ADR Referral Order were firm deadlines and any request for extension must show good cause for the extension, even if the parties stipulate to it, and must be filed on the docket prior to the expiration of the relevant deadline.  (Text Notice, entered on the Docket on September 28, 2016.)  A stipulation selecting a mediator was placed on the Docket on September 10, 2016.  (Dkt. No. 14.)

Thereafter, in a January 9, 2017, letter, Attorney DiGiulio advised the Court that Plaintiff's counsel intended to seek leave to withdraw as counsel due to Plaintiff's failure to cooperate.  (Dkt. No. 15.)  DiGiulio explained that his office had made multiple attempts to reach Plaintiff in order to complete discovery and provide medical authorizations to defense counsel, had received no response from Plaintiff, and had no other way to reach him.  *Id.*  A telephone status conference was held with the Court on January 23, 2017, to discuss Plaintiff's counsel's intent to file a motion to withdraw.  (Text Minute Entry, entered on the Docket on January 23, 2017.)  Attorneys Benz and Barbour participated.  *Id.*  The Court ruled at the telephone conference that Plaintiff's counsel was to file and serve a copy of the motion to withdraw on Plaintiff by January 31, 2017, and that all pre-trial deadlines would be held in abeyance.  (Dkt. No. 17.)

Attorneys DiGiulio and Benz both moved for leave to withdraw as Plaintiff's counsel. (Dkt. No. 15 at 1.)  DiGiulio submitted a declaration stating that despite his best efforts he had been unable to reach Plaintiff since July 3, 2016, less than a month after commencement of the

action.[2]  (Dkt. No. 18-1 at ¶ 5.[3])  DiGiulio explained that his office had sent numerous letters, via certified and regular mail, to Plaintiff's address requesting that he contact the office immediately but received no response.  *Id*. at ¶ 6.  Copies of letters to Plaintiff dated September 7, 2016, October 7, 2016, and October 31, 2016, sent by certified and first class mail, were submitted with the motion papers.  (Dkt. No. 18-2 at 1-3.)  According to DiGiulio, he also on numerous occasions attempted unsuccessfully to reach Plaintiff by telephone via the number Plaintiff had provided.  (Dkt. No. 18-1 at ¶ 7.)  In addition, DiGiulio had sent investigators to Plaintiff's address and had contacted Plaintiff's friends and co-workers in an attempt to reach him, all without success.  *Id*. at ¶¶ 8-9.

In his declaration, Benz confirmed that numerous attempts had been made to contact Plaintiff, all without success.  (Dkt. No. 18-3 at ¶¶ 3, 4.)  As a result, Plaintiff's counsel had been unable to advance the case forward or comply with a number of the discovery deadlines in the Scheduling Order.  *Id*. at ¶ 4.

The Court granted counsels' motion to withdraw by Text Order on April 11, 2017.  (Dkt. No. 19.)  The Court noted in the Text Order that the motion to withdraw was served on Plaintiff and no response from the Plaintiff was received by the Court.  *Id*. The Court directed Plaintiff to notify the Court within thirty days of the date of the Order the name of any new counsel retained by him and informed him that if he did not do so he would be deemed to be appearing *pro se*.  *Id.* The Court also noted in the Text Order that "[f]ailure of Plaintiff to notify the Court as directed herein may result in a recommendation to dismiss this action for failure to prosecute and failure

---

[2] The date on the declaration is July 3, 2013, rather than July 3, 2016.  (Dkt. No. 18-1 at ¶ 5.) Inasmuch as the action was not commenced until June 27, 2016, the Court has assumed that the year 2013 was a typographical error.

[3] Paragraph numbers are used where documents identified by CM/ECF docket number contain consecutively numbered paragraphs.

to follow a Court Order." *Id*. The Clerk was directed to serve a copy of the Text Order on Plaintiff at the address in the correspondence submitted by DiGiulio on the motion to withdraw. *Id*.

The Text Order was returned to the Clerk as "Undeliverable – Return to Sender – Not Deliverable as Addressed – Unable to Forward" on April 20, 2017. (Dkt. No. 20.) On June 21, 2017, the Court issued a Text Order stating that a review of the docket revealed that Plaintiff had not provided the name of new counsel as directed in Dkt. No. 19. (Dkt. No. 21.) The Court also noted that the Text Order granting Plaintiff's counsel's motion to withdraw and directing him to advise the Court of the name of new counsel had been returned to the Court. *Id*. The Court directed the Clerk to resend Dkt. No. 19 to Plaintiff at the address the Court had on file, along with a complete copy of the docket. Plaintiff was directed to notify the Court of his new address by July 14, 2017, and to indicate to the Court whether he intended to pursue the action. *Id*. The Court again cautioned Plaintiff that "[f]ailure by Plaintiff to notify the Court as directed herein may result in a recommendation to dismiss this action for failure to prosecute and failure to follow Court Orders." *Id*. The mailing containing Dkt. Nos. 19 and 21 was also returned to the Clerk as "Undeliverable – Return to Sender – Not Deliverable as Addressed – Unable to Forward" on July 19, 2017. (Dkt. No. 22.)

## II.     DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the case, or to comply with the procedural rules or orders of the court. Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Holcombe v. Skupien*, No. 14-CV-1448 (PAC)(JLC),

2014 WL 6879077, at * 2 (S.D.N.Y. Dec. 5, 2014) [4] ("A plaintiff has the duty to diligently advance his case, and if he fails to do so, a court may dismiss the action under Federal Rule of Civil Procedure 41(b) for failure to prosecute") (citations omitted).  This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases.  *See Freeman v. Lundrigan*, No. 95-CV-1190 (RSP), 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996).  Even though Fed.R.Civ.P. 41(b) speaks only of a dismissal on a motion by a defendant, courts have recognized that the rule does not abrogate a district court's inherent power to dismiss a complaint, *sua sponte*, for failure to prosecute.  *See Saylor v. Bastedo*, 623 F.2d 230, 238-39 (2d Cir. 1980).

It is also well-settled that the term "these rules" in Fed. R. Civ. P. 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court.  *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).  N.D.N.Y.  L.R. 41.2(b) provides that failure to notify the court of a change of address in accordance with Local Rule 10.1(c)(2) "may result in dismissal of any pending action."  41.2(b).  *See, e.g., Benitez v. Taylor*, 9:130-CV-1404 (TJM/CFH), 2014 WL 7151607, at * 2 (N.D.N.Y. Dec. 15, 2014) (failure to notify the court of current address grounds for dismissal); *Dansby v. Albany Cnty. Corr. Facility*, No. 6:95-CV-1525 (RSP/RWS). 1996 WL 172699, at * 1 (N.D.N.Y. April 10, 1996) ("It is neither feasible nor legally required that the clerks of the district court undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes . . . .  In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries.  Address changed normally would be reflected by

---

[4]  The Court will provide Plaintiff with a copy of all of the unpublished decisions cited in this Report-Recommendation in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

those inquiries if made in writing.") (quoting *Perkins v. King*, No. 84-3310, 759 F.2d 19, at * 4 (5th Cir. March 19, 1985)).

The correctness of a dismissal pursuant to Rule 41(b) is determined in light of five specific factors: (1) the duration of the plaintiff's failure to comply with the court order (or the court's procedural rules); (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). In making use of this test, "[n]o one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

In considering the duration of Plaintiff's failure to prosecute his claims, the Court notes that N.D.N.Y. L.R. 41.2(a) states that "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y.L.R. 41.2(a). In this case, at the time Plaintiff's counsel moved to withdraw from representation, they had not been able to reach Plaintiff since July 3, 2016, despite a number of attempts to do so, leaving them unable to prosecute the action on his behalf for well over four months. (Dkt. No. 18-1 at ¶ 5.) Moreover, Plaintiff has failed to notify the Court since counsel were allowed to withdraw in April, 2017. Thus, there is clearly presumptive evidence of a lack of prosecution by Plaintiff under the Local Rule.

Furthermore, the April 11, 2017, Text Order granting his counsel leave to withdraw, sent to the only address for Plaintiff available to the Court, was returned to the Clerk's Office as

undeliverable as addressed and not able to be forwarded, indicating that Plaintiff had failed to advise the Court of his current address. (Dkt. Nos. 19 and 20.) N.D.N.Y. L.R. 10.1(c)(2) provides that "[a]ll attorneys of record and *pro se* litigants must immediately notify the court of any changes of address." (emphasis omitted). *See Dansby,* 1996 WL 172699, at *1 (explaining why it is incumbent for litigants to inform the clerk of address changes).

The Court's June 21, 2017, Text Order informing Plaintiff that he was deemed to be appearing *pro se*, directing him to notify the Court of his new address by July 14, 2017, and indicate whether he intended to pursue the action, and advising him that "[f]ailure of Plaintiff to notify the Court as directed herein may result in a recommendation to dismiss this action for failure to prosecute and failure to follow Court Orders" was also returned to the Clerk as undeliverable as addressed and not able to be forwarded. (Dkt. Nos. 21 and 22.) The docket reflects Plaintiff's failure to contact the Court at any time following the attempted service of the June 21, 2017, Text Order.

It has now been over a year since either the Court or his former counsel have heard from Plaintiff, and the Court remains without a current address for him. This matter clearly cannot proceed absent notification to the Court by Plaintiff of his current address. The Court has been stymied in its ability to move the matter forward because of its inability to communicate with Plaintiff. Plaintiff has shown no interest in proceeding with the action, and Defendant has already been and will likely continue to be prejudiced by Plaintiff's failure to prosecute. It appears from the docket that the required mediation never occurred, Defendant has been unable to depose Plaintiff, and Defendant has been otherwise impeded in conducting discovery in the case. The Court recognizes that further delay may well affect Defendant's ability to locate witnesses (who may retire, be transferred, or find new employment) and to preserve evidence.

Furthermore, passage of time is known to cause memories to fade. *See Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996).

Given Plaintiff's complete withdrawal from participation in the prosecution of this lawsuit for over a year, despite ample attempts by the Court to provide him the opportunity to do so, the Court finds that Plaintiff has failed to prosecute this matter and quite possibly abandoned his claims. The Court further finds that the need to alleviate congestion on the crowded Northern District docket outweighs Plaintiff's right to receive a further chance to be heard in this case. The Court has determined that Plaintiff's failure to prosecute and comply with court orders, as well as his failure to provide a change of address, warrant a recommendation of dismissal of the action which the Court recommends be without prejudice in light of Plaintiff's *pro se* status. *See* Fed.R.Civ.P. 41(b) (allowing dismissal for failure to prosecute); N.D.N.Y. L.R 41(b) (authorizing dismissal for failure to provide a change of address); *see also Jarvis v. Cook*, No. 9:09-CV-0446 (LEK/RFT), 2009 WL 4110388, at * 2 (N.D.N.Y. Nov. 20, 2009) (collecting Northern District of New York cases brought by *pro se* litigants dismissed for failure to prosecute based upon a plaintiff's failure to provide the court with a change of address as required under N.D.N.Y. L.R. 10.1(c)(2)).

**ACCORDINGLY** it is hereby

**RECOMMENDED** that the action be dismissed without prejudice pursuant to Fed.R.Civ.P. 41(b), and N.D.N.Y. L.R. 41(b); and is it hereby

**ORDERED** that the Clerk provide Plaintiff with a copy of this Order and Report-Recommendation, along with copies of the unpublished decisions cited herein, in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam), by mailing them to the address the Court has on file for Plaintiff in the action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[5]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated:  August 3, 2017
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[5] If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).

2014 WL 7151607
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Robert BENITEZ, Plaintiff,
v.
TAYLOR, et al., Defendants.

No. 9:13–CV–1404 (TJM/TWD).
|
Signed Dec. 13, 2014.
|
Filed Dec. 15, 2014.

**Attorneys and Law Firms**

Robert Benitez, Comstock, NY, pro se.

Hon. Eric T. Schneiderman, C. Harris Dague, Esq., Assistant Attorney General, of Counsel, Albany, NY, for Defendants.

**DECISION & ORDER**

THOMAS J. McAVOY, Senior District Judge.

**I. INTRODUCTION**
 **\*1**  This *pro se* action brought pursuant to 42 U.S.C. § 1983, was referred to the Hon. Christian F. Hummel, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). No objections to Magistrate Judge Hummel's Order and Report–Recommendation [dkt. # 17] have been filed, and the time to do so has expired. [1]

**II. DISCUSSION**
After examining the record, this Court has determined that the Order and Report–Recommendation is not subject to attack for plain error or manifest injustice.

**III. CONCLUSION**
Accordingly, the Court **ADOPTS** the Order and Report–Recommendation [dkt. # 17] for the reasons stated therein. Defendants' motion to dismiss [dkt. # 14] is **GRANTED** and the complaint is **DISMISSED for failure to prosecute.** The Clerk may close the file in this matter.

IT IS SO ORDERED.

ROBERT BENITEZ,

Plaintiff,

v.

TAYLOR, Correctional Officer; Great Meadow Correctional Facility, PREVOST, Correctional Officer; Great Meadow Correctional Facility.

Defendants.

**REPORT–RECOMMENDATION AND ORDER** [1]

CHRISTIAN F HUMMEL, United States Magistrate Judge.

Plaintiff *pro se* Robert Benitez ("Benitez"), a former inmate in the custody of the New York Department of Corrections and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, two DOCCS employees, violated his constitutional rights under the Eighth Amendment. Compl. (Dkt. No. 1); Dkt. No. 4. Presently pending is defendants' motion to dismiss pursuant to Fed.R.Civ.P. 41(b). Dkt. No. 14. Benitez does not oppose the motion. For the reasons that follow, it is recommended that defendants' motion be granted.

**I. Background**

On November 12, 2013, Benitez commenced this action by filing a complaint alleging that defendants violated his Eighth Amendment rights by using excessive force against him. Compl. (Dkt. No. 1); Dkt. No. 4. Benitez was incarcerated at the Great Meadows Correctional Facility ("Great Meadows") at the time the complaint was filed. Compl. at 2. Along with his complaint, Benitez submitted a Motion for Leave to Proceed In *Forma Pauperis* ("IFP"). Dkt. No. 2. This was the Court's last contact with Benitez.

On February 20, 2014, the IFP order was mailed to Benitez's address but was returned as "undeliverable" and the envelope read "released." Dkt. No. 6. The IFP order contains a notice to Benitez requiring him to notify the Court and defendants' counsel of any change of address.

Dkt. No. 4 at 15. The notice specifically advises that the failure to notify the Court of his address could result in the dismissal of his complaint. *Id.*

On February 27, 2014, defendants mailed their answer to the complaint to Benitez's last known address, but the answer was returned with the envelope marked "Refused, Unable to Forward" and "Return to Sender." Dague Decl. (Dkt. No. 14–2) ¶¶ 6–7; Dkt. No. 14–3 at 8. On two separate occasions, defendants attempted to serve their mandatory disclosure documents on Benitez but the packages were returned and marked "undeliverable." Dague Decl. ¶¶ 10–11, Dkt. Nos. 13, 14–3 at 10–11. The Court also attempted to mail the Pre–Trial Discovery and Scheduling Order to Benitez but that order was returned as "undeliverable" with the envelope reading "released." Dkt. No. 12. The DOCCS "Inmate Locator" indicates that Benitez was released from Great Meadows on January 11, 2014. Dkt. No. 14–3 at 13.

## II. Discussion

**\*2** Defendants seek dismissal of Benitez's complaint for his failure to contact the Court and notify the Court and defendants of his current address.

Federal Rule of Civil Procedure 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order...." Fed.R.Civ.P. 41(b); *see Link v. Wabash R.R. Co.,* 370 U.S. 626, 629 (1962); *MTV Networks v. Lane,* 998 F.Supp. 390, 393 (S.D.N.Y.1998); *see also* N.D.N.Y.L.R. 41.2(b).

Since a Rule 41(b) dismissal is a "harsh remedy ... [it] is appropriate in extreme situations." *Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996) (citations omitted). Furthermore, courts should be "especially hesitant" to dismiss an action of a pro se plaintiff for "procedural deficiencies." *Spencer v. Doe,* 139 F.3d 107, 112 (2d Cir.1998) (internal citations omitted); *see also Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 477 (2d Cir.2006). To determine whether dismissal for failure to prosecute is appropriate, courts should consider whether:

> (1) plaintiff's failure to prosecute caused a delay of significant duration; (2) the plaintiff was given

notice that further delay would result in dismissal; (3) the defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Lucas,* 84 F.3d at 535; *see also Lewis v. Rawson,* 564 F.3d 569, 576 (2d Cir.2009) (citations omitted).

According to the Local Rules of Practice for this district ("Local Rules"), "[a]ll attorneys of record and *pro se* litigants must immediately notify the court of any changes of address." N.D.N.Y.L.R. 10.1(c)(2) (emphasis omitted). Failure to do so will subject the action to dismissal under Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.2(b) for lack of prosecution. *See e.g., Fenza v. Conklin,* 177 F.R.D. 126, 127 (N . D.N.Y.1998) (dismissing inmate's action for failure to notify the Court of current address); *see also Rosa v. Keiser,* No. 10–CV–1313 (DNH/DRH), 2012 WL 2178961, at \*1 (N.D.N.Y. May 14, 2012) (dismissing former inmate's action for failure to notify the Court of current address). [2]

In this case, dismissal is justifiable. Defendants contend that Benitez's lack of correspondence with the Court and failure to notify the Court of his current address are grounds for dismissal of his complaint. First, Benitez has failed to prosecute this action for almost nine months. The last correspondence between the Court and Benitez was the filing of the complaint and IFP application on November 12, 2013. Dkt. Nos. 1, 2. A delay of this length makes it significantly difficult to proceed with this action. *Fenza,* 177 F.R.D. at 127; *Rosa,* 2012 WL 2178961, at \*1. Second, defendants will be prejudiced by further delay because the defendants have been attempting to send their answer and disclosures to Benitez with no avail. Additionally, defendants will be prejudiced because further passage of time will result in difficulty locating witnesses and preserving evidence. *Barber v. United States,* No. 11–CV–1100 (GTS/DEP), 2012 WL 1681978, at \*1 (N.D.N.Y. May 14, 2012) (citing *Georgiadis v. First Boston Corp.,* 167 F.R.D. 24, 25 (S.D.N.Y.1996) ("The passage of time always threatens difficulty as memories fade.... The additional delay that plaintiff has caused

here can only make matters worse.")). Third, the need to alleviate the Court's docket outweighs Benitez's right to an opportunity to his day in court because there has been an extensive passage of time without any progress in the litigation due to Benitez's failure to contact the Court. *Barber,* 2012 WL 1681978, at *1 ("It is the need to monitor and manage dilatory cases like this one that delay the resolution of other cases, and contribute to the Second Circuit's relatively long median time to disposition for pro se civil rights cases.").

**\*3** Lastly, even though Benitez's failure to respond may be attributed to his failure to apprise the Court of his current address, because all parties have an ongoing obligation to keep their addresses updated with both the Court and adversaries, N.D.N.Y .L.R. 10.1(c)(2), such an explanation is irrelevant. N.D.N.Y.L.R. 10 .1(c) (2), 41.2(b); *Fenza,* 177 F.R.D. at 126; *Rosa,* 2012 WL 2178961, at*1. Since there is no way to contact or locate Benitez, the imposition of a lesser sanctions would be futile in this case. Therefore, pursuant to Rule 41(b), dismissal of this action warranted.

Accordingly, defendants' motion should be granted.

## III. Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendants' motion to dismiss (Dkt. No. 14) be **GRANTED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993); *Small v. Sec'y of Health & Human Servs.,* 892 F.2d 15 (2d Cir.1989); 28 U.S.C § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Filed Aug. 7, 2014.

**All Citations**

Not Reported in F.Supp.3d, 2014 WL 7151607

---

Footnotes

1    On February 20, 2014, the In Forma Pauperis Order, served on Plaintiff at his last known address at the Great Meadows Correctional Facility, was returned as "undeliverable" and the envelope read "released." The defendants also attempted to serve their answer to the complaint and mandatory disclosure documents, all of which were returned as "undeliverable." Additionally, the Court tried to mail the Pre–Trial Discovery and Scheduling Order, which was also returned as "undeliverable." The Court determined from the DOCCS "Inmate Locator" that Benitez was released from the correctional facility on January 11, 2014.

     The plaintiff failed to keep the Court advised of his address or to file any objections to the Report and Recommendation. Every litigant is required to keep the Court advised of his or her address so that documents and decisions may be served upon them by mail. *See* Local Rules of the United States District Court for the Northern District of New York, 10.1(b), 41. (2) & (b). Failure to do so can greatly delay proceedings and, therefore, can be construed as an abandonment of the action.

     Under the circumstances, the Court deems that Plaintiff intentionally failed to file any objections and has abandoned this action.

1    This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

2    All unpublished opinions cited to by the Court in this Report–Recommendation are, unless otherwise noted, attached to this Recommendation.

---

Dansby v. Albany County Correctional Facility Staff, Not Reported in F.Supp. (1996)

1996 WL 172699

1996 WL 172699
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Kevin DANSBY, Plaintiff,
v.
ALBANY COUNTY CORRECTIONAL
FACILITY STAFF, Defendant.

No. 95-CV-1525 (RSP/RWS).
|
April 10, 1996.

**Attorneys and Law Firms**

Kevin Dansby pro se.

*ORDER*

POOLER, District Judge.

**\*1** In an order and report-recommendation dated December 8, 1995, Magistrate Judge Smith noted that Dansby had not signed the complaint he filed to commence this action. Magistrate Judge Smith directed Dansby to submit an affidavit which contained all of the representations delineated in Fed.R.Civ.P. 11(b) with respect to his complaint. The magistrate judge recommended dismissal of Dansby's action if Dansby failed to comply with the terms of the report-recommendation within forty-five (45) days from the date of the service.

On December 12, 1995, a copy of the report-recommendation was served on Dansby by regular mail to his last known address, the Albany County Jail. On December 22, 1995, the jail returned the report-recommendation marked "Return to Sender -- No Forwarding Order on File."

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629 (1962). The district court may exercise its discretion to dismiss when necessary to achieve orderly and expeditious disposition of cases.

*See Rodriguez v. Walsh,* 1994 W.L. 9688, at \*1 (S.D.N.Y. 1994).

Moreover, a plaintiff has the duty to inform the Court of any address changes. As the Fifth Circuit has stated:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Perkins v. King,* No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (citing *Williams v. New Orleans Public Service, Inc.,* 728 F.2d 730 (5th Cir. 1984); *Wilson v. Atwood Group,* 725 F.2d 255 (5th Cir. 1984) (en banc)); *see Wehlen v. Foti et al.,* 1987 W.L. 8039, at \*1-2 (E.D.La. 1987); *see generally* Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York.

This matter cannot proceed without Dansby filing the affidavit described above or notifying the court of his current address. Therefore, it is hereby

ORDERED, that this action is dismissed. *See* Rules 5.4(b) (4) and 41.2(b) of the Local Rules of Practice for the Northern District of New York, and it is further

ORDERED, that the Clerk serve a copy of this Order on the plaintiff by regular mail at his last known address.

IT IS SO ORDERED.

**All Citations**

Not Reported in F.Supp., 1996 WL 172699

**Dansby v. Albany County Correctional Facility Staff, Not Reported in F.Supp. (1996)**

1996 WL 172699

**End of Document**

© 2017 Thomson Reuters. No claim to original U.S. Government Works.

Freeman v. Lundrigan, Not Reported in F.Supp. (1996)

1996 WL 481534

1996 WL 481534
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Millicient FREEMAN, Plaintiff,

v.

Kevin LUNDRIGAN, C.O., Defendant.

No. 96–CV–1190 (RSP/RWS).
|
Aug. 22, 1996.

**Attorneys and Law Firms**

Millicient Freeman, Oriskany, NY, Pro se.

McLane and Smith, L.L.P., Utica, NY (Steven A. Smith, of counsel), for Defendant.

ORDER

POOLER, District Judge.

**\*1** By Order dated February 5, 1996 ("Order"), I approved the Order and Report–Recommendation of Magistrate Judge Ralph W. Smith, Jr., dated October 5, 1995, and dismissed this action as against Daniel Middaugh, Michael Durant, Todd Egger, Robert Stanton and Daryl Bourant. *See* Dkt. No. 11.

A copy of the Order was served on Freeman at her last known address by regular mail on February 6, 1996. On February 12, 1996, the Order was returned to the Court marked "No Longer at This Facility—Please Return to Sender." *See* Dkt. No. 12.

On June 19, 1996, Steven A. Smith, Esq., attorney for the defendant, filed an affidavit with the Court stating that he had attempted to serve a first set of interrogatories on Freeman at the address listed on the summons, and that it was returned to him by the Post Office marked "RTS" or return to sender. *See* Dkt. No. 14.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash Railroad County Independent School District,*

370 U.S. 626 (1962). This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Rodriguez v. Walsh,* No. 92–Civ–3398, 1994 WL 9688, \*1 (S.D.N.Y. Jan. 14, 1994) (citations omitted).

Additionally, this Court specifically cautioned Freeman that her failure "to promptly notify the Clerk's Office of any change in her address ... [would] result in the dismissal of the instant action." *See* Dkt. No. 3 at 7.

Moreover, a plaintiff has the duty to inform the Court of any address changes. As I have stated:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cty Corr. Facility,* No. 95–CV–1525, 1996 WL 172699, \*1 (N.D.N.Y. Apr. 10, 1996) (Pooler, J.) (quoting *Perkins v. King,* No. 84–3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); *see generally* Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York.

This matter cannot proceed without notification to the Court by Freeman of her current address. Therefore, it is hereby:

ORDERED, that this action is dismissed, *See* Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York, and it is further;

ORDERED, that the Clerk serve a copy of this Order on Freeman by regular mail at her last known address and on Steven A. Smith, Esq., attorney for the defendant.

**Freeman v. Lundrigan, Not Reported in F.Supp. (1996)**

1996 WL 481534

**\*2** IT IS SO ORDERED.

**All Citations**

Not Reported in F.Supp., 1996 WL 481534

---

**End of Document**

© 2017 Thomson Reuters. No claim to original U.S. Government Works.

2014 WL 6879077
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

Terry HOLCOMBE, Plaintiff,
v.
Correction Capt. SKUPIEN, et al., Defendants.

No. 14–CV–1448 (PAC)(JLC).
|
Signed Dec. 5, 2014.

### *REPORT AND RECOMMENDATION*

JAMES L. COTT, United States Magistrate Judge.

**\*1 To the Honorable Paul A. Crotty, United States District Judge:**
Defendants in this § 1983 action move to dismiss with prejudice *pro se* plaintiff Terry Holcombe's action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, I recommend that the Court grant defendants' motion, except that Holcombe's case be dismissed without prejudice.

### I. *BACKGROUND*

Holcombe, using the Court's form complaint for cases brought under 42 U.S.C. § 1983, initiated this action on February 28, 2014, alleging that his constitutional rights were violated as a result of being designated a member of the "Security Risk Group" while incarcerated at the Eric M. Taylor Center at Rikers Island. Compl., ¶¶ 1–4 (Dkt. No. 2). Holcombe alleges that he first learned of his "Security Risk Group" designation on February 14, 2014, when he was subject to a search for prisoners within the "Security Risk Group" only. *Id.* at ¶ 1.

On March 24, 2014, Judge Crotty referred this case to me for general pretrial supervision and for a report and recommendation on any dispositive motions. (Dkt. No. 6). Following the filing of defendants' answer, the Court held an initial pre-trial conference on June 17, 2014, at which Holcombe appeared via telephone because he

was incarcerated. (Dkt.Nos.11, 13). At this conference, Holcombe reported that he might be released prior to October 30, 2014, when the Court intended to hold a post-discovery status conference. Accordingly, the Court ordered that, if Holcombe was released from custody before October 30, he would be required to attend the status conference in person. (Dkt. No. 13).

Due to a conflict in the Court's calendar, the October 30, 2014 conference was rescheduled to October 31. (Dkt. No. 14). The Court mailed the rescheduling order to Holcombe at the Rikers Island address on file with the Court; however, the order, dated September 23, was returned as undeliverable. Defendants' counsel then provided the Court with Holcombe's last known address as maintained by the New York City Department of Correction ("NYC DOC") (Dkt. No. 15), and the Court mailed copies of its June 17 order scheduling the October 30 conference (Dkt. No. 13) as well as its September 23 rescheduling order (Dkt. No. 14) to that address. After Holcombe did not appear at the October 31 status conference, the Court issued an order adjourning the conference to November 14, 2014 and warned Holcombe that if he failed to appear a second time, the Court would recommend that his case be dismissed for failure to prosecute. (Dkt. No. 16).

The order scheduling the November 14 conference was also returned to the Court as undeliverable to Holcombe. The Court then adjourned the conference *sine die* and invited defendants to move to dismiss the case for failure to prosecute. (Dkt. No. 17). Thereafter, in reviewing the record, the Court discovered a typographical error in the address it had used for Holcombe to transmit the order scheduling the November 14 conference.[1] Accordingly, the Court issued another order dated November 21, 2014 to the correct address and rescheduled the conference for December 2, 2014. (Dkt. No 19). In this November 21 order, which has not been returned to the Court, the Court explicitly warned Holcombe that his failure to appear would result in a recommendation that his case be dismissed for failure to prosecute. On December 2, Holcombe again failed to appear, and the Court adjourned the conference after waiting for Holcombe for more than 30 minutes.

**\*2** Before the December 2 conference, by letter motion dated November 19, 2014, defendants moved to dismiss Holcombe's case for failure to prosecute pursuant to Rule

41(b). (Dkt. No. 18). Holcombe has not filed any response in opposition to the motion.

## II. *DISCUSSION*

### A. Legal Standard

A plaintiff has the duty to diligently advance his case, and if he fails to do so, a court may dismiss the action under Federal Rule of Civil Procedure 41(b) for failure to prosecute. *See Hardaway v.. Agyemong,* 572 F. App'x 11, 12 (2d Cir.2014); *United States ex rel. Pervez v. Maimonides Med. Ctr.,* 415 F. App'x 316, 317 (2d Cir.2011) (citing *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 42 (2d Cir.1982)). Pursuant to Rule 41(b), a court may dismiss an action where the plaintiff "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." While a court generally must be solicitous of *pro se* litigants, particularly with respect to procedural issues, *see Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996), even unrepresented plaintiffs must comply with court orders and diligently prosecute their cases; their failure to do so may constitute grounds for dismissal. *See Yadav v. Brookhaven National Laboratory,* 487 F. App'x 671, 672 (2d Cir.2012); *LeSane v. Hall's Sec. Analyst Inc.,* 239 F.3d 206, 209 (2d Cir.2001). A *pro se* plaintiff's failure to maintain an accurate address with the court may also be grounds for dismissal. *See, e.g., Middleton v. United States,* No. 10–CV–6057 (JFB)(ETB), 2011 WL 7164452, at *5–7 (E.D.N.Y. June 28, 2011) (dismissing case for failure to appear at court conferences and to update address), *adopted by,* 2012 WL 394559 (E.D.N.Y. Feb. 7, 2012).

When considering whether to dismiss a complaint pursuant to Rule 41(b), a court must weigh five factors:

> (1) the duration of the plaintiffs failure to comply with the court order,
>
> (2) whether plaintiff was on notice that failure to comply would result in dismissal,
>
> (3) whether the defendants are likely to be prejudiced by further delay in the proceedings,
>
> (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and

> (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers,* 768 F.3d 212, 216 (2d Cir.2014) (quoting *Lucas,* 84 F.3d at 535). However, no single factor is dispositive, and the Court should consider all the facts and circumstances of the case. *Id.; accord U.S. ex rel. Drake v. Norden Sys., Inc.,* 375 F.3d 248, 254 (2d Cir.2004). Weighing these factors together, the Court finds that Holcombe's case should be dismissed without prejudice for his failure to prosecute.

### B. Holcombe Has Failed to Prosecute His Case

*First,* Holcombe has not met his obligation to update his address since September 9, 2014 when he was released from custody—nearly three months ago. While courts have observed that there is "no 'magic number' " for the length of noncompliance, *Antonios A. Alevizopoulos & Associates, Inc. v. Comcast Int'l Holdings, Inc.,* No. 99–CV–9311 (SAS), 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000) (quoting *Copeland v. Rosen,* 194 F.R.D. 127, 132 (S.D.N.Y.2000)), courts have deemed delays of three months and less sufficient to warrant dismissal, *see, e.g., Yadav v. Brookhaven Nat. Lab.,* 487 F. App'x 671, 672–73 (2d Cir.2012) (three months); *Love v. Amerigroup Corp.,* No. 09–CV–4233 (ILG), 2010 WL 2695636, at *4 (E.D.N.Y. June 2, 2010) (between three and five months); *Dong v. United States,* No. 02–CV–7751 (SAS), 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) (two months); *Antonios,* 2000 WL 1677984, at *2 ("nearly" four months). Here, defendants advised the Court that the NYC DOC's records reflect that Holcombe was released from custody on September 9, 2014, and that, as of the date of their letter, he was not back in New York State or New York City custody. (Dkt. No. 18). When Holcombe was released from Rikers Island on September 9, his obligation to update his address with the Court arose, but he has failed to do so. *See, e.g., Brown v. Smith,* No. 13–CV–4694 (AT), 2014 WL 5040908, at *2 (S.D.N.Y. Sept. 30, 2014) (dismissing case where plaintiff failed to update address); *Edwards v. Stevens,* No. 11–CV–7329 (PKC)(JLC), 2012 WL 3597663, at *2 (S.D.N.Y.2012) (same); *Grace v. New York,* No. 10–CV–3853 (LTS)(GWG), 2010 WL 3489574 (S.D.N.Y. Sept. 7, 2010), *adopted by,* 2010 WL 4026060 (S.D.N.Y. Oct. 14, 2010) (same). Holcombe also disregarded the Court's orders by failing to appear at status conferences on October 31 and December 2, 2014. Furthermore, Holcombe has not had any contact with

counsel for defendants to discuss, *inter alia,* his discovery obligations during this time, and the discovery period has since expired. (Dkt. No. 18, at 2).

**\*3** *Second,* Holcombe had notice that his failure to appear at court-ordered conferences and update his address could result in dismissal of his case by virtue of both the Court's November 21 order (Dkt. No. 19), and defendants' letter motion seeking dismissal of this case (Dkt. No. 18). *See, e.g., Virola v. Entire GRVC Dep't of Mental Health Hygiene Servs.,* No. 12–CV– 1005 (ER), 2014 WL 793082, at \*3 (S.D.N.Y. Feb. 21, 2014) (defendants' motion papers and court's order deemed sufficient notice); *George v. City of New York,* No. 12–CV–6365 (PKC)(JLC), 2013 WL 5943206, at \*4 (S.D.N.Y. Nov. 6, 2013) (single court order deemed "meaningful, non-technical notice"). [2]

*Third,* defendants contend that they will be prejudiced by further delay which would "require[e] them to continue to defend this action without the benefit of Plaintiff's participation." (Dkt. No. 18, at 3). Although the period for discovery expired on October 17, 2014, defendants explain that Holcombe "has failed to contact counsel for Defendants regarding the scheduling of his deposition, and [Holcombe] has yet to participate in any discovery." *Id.* In similar circumstances, courts have found that this factor weighs in favor of dismissal. *See, e.g., Vazquez v. Davis,* No. 12–CV–7630 (ER), 2014 WL 5089457, at \*5 (S.D.N.Y. Sept. 19, 2014) (finding prejudice where plaintiff had not provided discovery and period for discovery had expired).

*Fourth,* balancing the effect of calendar congestion against Holcombe's due process rights also weighs in favor of dismissal. Generally, "[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Lucas,* 84 F.3d at 535–36. While Holcombe's delinquency has not been lengthy relative to some other cases, "[c]ourts in this district have held that calendar congestion outweighed plaintiffs' opportunity to be heard when the plaintiff has rebuffed opportunities to be heard and failed to attend judicial conferences." *St. Prix v. Sirus XM Satellite Radio,* No. 11–CV–1506 (CM)(KNF), 2014 WL 405812, at \*4 (S.D.N.Y. Jan. 29, 2014) (citations omitted). Here, Holcombe has been completely out of communication with the Court and defendants' counsel. While, during that time, the Court attempted to reach him

at another address, "[i]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Hibbert,* 2000 WL 977683, at \*3.

*Fifth* and finally, dismissal without prejudice is the appropriate remedy. Defendants seek a dismissal of Holcombe's case *with* prejudice; however, it is a "harsh remedy" that the Court will apply "only in extreme situations" not presented here. *See U.S. ex rel. Drake,* 375 F.3d at 254 (citation omitted). Nonetheless, no lesser sanction than dismissal without prejudice would be appropriate because while the Court and defendants have been using the address maintained by the NYC DOC to communicate with Holcombe, Holcombe's failure to confirm this address with the Court deprives the Court of any assurance that its past orders (or any future orders) are, in fact, reaching him. [3] Should Holcombe decide to re-file this case, he appears to be well within the three-year statute of limitations for § 1983 claims given that the incident forming the basis of his complaint occurred in February 2014. *See Shomo v. City of New York,* 579 F.3d 176, 181 (2d Cir.2009) (Section 1983 claims have three-year limitations period). Accordingly, dismissing Holcombe's case without prejudice "allows the Court to dispose of this case, which plaintiff has seemingly abandoned, while allowing plaintiff the opportunity to re-file the suit should he choose to do so in the future." *Coleman v. Doe,* No. 05–CV–5849 (JG), 2006 WL 2357846, at \*3 (E.D.N.Y. Aug. 14, 2006); *accord Hicks v. Stermer,* No. 9:10–CV–01177 (LEK), 2011 WL 3841581, at \*1 (N.D.N.Y. Aug. 24, 2011) (dismissal without prejudice where statute of limitations had not run); *see also Thrall v. Cent. N.Y. Reg'l Transp. Auth.,* 399 F. App'x 663, 666 (2d Cir.2010) (remanding to consider dismissal without prejudice in *pro se* case); *Virola,* 2014 WL 793082, at \*3 (dismissal without prejudice for *pro se* plaintiff whose case had not impacted court's trial calendar); *cf. Rudder v. Jimenez,* No. 11–CV–3453 (VSB) (JLC), 2014 WL 1349047, at \*6 (S.D.N.Y. Apr. 7, 2014) (dismissal without prejudice would be futile where statute of limitations had elapsed), *adopted by,* 2014 WL 2855012 (S.D.N.Y. June 23, 2014).

### III. *CONCLUSION*

**\*4** For all of the foregoing reasons, I recommend that defendants' motion be granted, and that Holcombe's case be dismissed without prejudice.

## PROCEDURE FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Such objections, and any responses to such objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Crotty and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Crotty. **FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See Thomas v. Arn,* 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir.2010); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72. If Holcombe does not have access to cases cited herein that are reported on LexisNexis or Westlaw, he should request copies from counsel for defendants. *See Lebron v. Sanders,* 557 F.3d 76, 79 (2d Cir.2009).

### All Citations

Not Reported in F.Supp.3d, 2014 WL 6879077

### Footnotes

1      The Court typed "404 McDonald Avenue" rather than "2404 McDonald Avenue."

2      The Court will assume for present purposes that Holcombe has received its orders and the correspondence from defendants sent to him at the address on file with the NYC DOC because they have not been returned as undeliverable.

3      Moreover, given that Holcombe is proceeding *in forma pauperis,* a monetary sanction would be unavailing. *See Middleton v. United States,* No. 10–CV–6057 (JFB)(ETB), 2011 WL 7164452, at *6 (E.D.N.Y.2011).

**End of Document** © 2017 Thomson Reuters. No claim to original U.S. Government Works.